# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES YTURRALDE, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>AZTEC FORECLOSURE CORPORATION, a corporation; SABADELL UNITED BANK, N.A., a national association; LYDIAN MORTGAGE, a corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 15-cv-00210 NC<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

    The Court issues this order on its own motion, to address concerns regarding the apparent lack of subject matter jurisdiction. Defendant Sabadell United Bank removed the case to this Court. *See* Dkt. No. 1 at 3-6. While the notice of removal asserts that removal is proper based on federal question jurisdiction, there appears to be no basis for this Court's jurisdiction. The Court orders Sabadell United Bank to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction.

    Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). A federal district court must remand a removed case to state court "[i]f at any time before

1   the final judgment it appears that the district court lacks subject matter jurisdiction." *Id.*
2   § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that
3   section 1447(c) permits a district court to remand on its own motion for lack of subject
4   matter jurisdiction).  In deciding whether removal was proper, courts strictly construe the
5   removal statute against finding jurisdiction, and the party invoking federal jurisdiction
6   bears the burden of establishing that removal was appropriate.  *Provincial Gov't of*
7   *Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted).
8   Where doubt exists regarding the right to remove an action, it should be resolved in favor
9   of remand to state court.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090
10  (9th Cir. 2003).

11       District courts have federal question jurisdiction over "all civil actions arising under
12  the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises
13  under" federal law if the complaint establishes "either that federal law creates the cause of
14  action or that the plaintiff's right to relief necessarily depends on resolution of a substantial
15  question of federal law."  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th
16  Cir. 2009) (citations omitted).  Federal jurisdiction exists only when a federal question is
17  presented on the face of the plaintiff's properly pleaded complaint.  *Provincial Gov't of*
18  *Marinduque*, 582 F.3d at 1091.  "[T]he federal question on which jurisdiction is premised
19  cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the
20  face of the complaint, unaided by the answer.'"  *See id.* at 1086 (citation omitted).

21       Original federal jurisdiction may be available where "some substantial, disputed
22  question of federal law is a necessary element of one of the well-pleaded state claims."
23  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*,
24  463 U.S. 1, 13 (1983).  "[T]he question is, does a state-law claim necessarily raise a stated
25  federal issue, actually disputed and substantial, which a federal forum may entertain
26  without disturbing any congressionally approved balance of federal and state judicial
27  responsibilities."  *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S.
28  308, 314 (2005).  "When a claim can be supported by alternative and independent

theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). *See also Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("[T]e mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.").

In this case, plaintiff alleges that defendants "fraudulently and wrongfully encumbered, hypothecated, and caused the unlawful non-judicial foreclosure of Plaintiffs' real property." Dkt. No. 1 at 14 ¶ 3.  The complaint contains the following state law causes of action for:  (1) wrongful foreclosure; (2) injunctive relief; (3) fraud in the concealment; (4) fraud in the inducement; (5) intentional infliction of emotional distress; (6) slander of title; (7) quiet title; (8) declaratory relief; and (9) rescission. *See generally id.* The complaint asserts that this action arises under California law. *Id.* at 14 ¶ 3.

Sabadell United Bank's contention that the Court has federal question jurisdiction over this action appears to lack merit.  The notice of removal asserts that the state law causes of action "in whole or in part, arise out of or are predicated on alleged violations by Sabadell of the Truth in Lending Act ('TILA'), 15 U.S.C. § 1601, et seq. and/or the Real Estate Settlement Procedures Act ('RESPA'), 12 U.S.C. § 2601 et seq. and the Federal Fair Debt Collections Practices Act ('FDCPA'), 15 U.S.C. §§ 16923, et seq." Dkt. No. 1 at 5. The notice of removal, however, provides no explanation for why the state law claims should be deemed to arise out of or be predicated on alleged violations of federal law.  The Court orders Sabadell United Bank to show cause in writing by March 11, 2015, why this case should not be remanded to state court for lack of subject matter jurisdiction.

Additionally, Sabadell United Bank's response to the order to show cause must address whether defendant Lydian Mortgage consents to the removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the

removal of the action."). Here, the notice of removal states that defendant Aztec Foreclosure Corporation has consented to removal but that no consent has been obtained from Lydian Mortgage which Sabadell United Bank "is informed and believes" is no longer in operation. Dkt. No. 1 at 4. On February 17, 2015, however, the Federal Deposit Insurance Corporation specially appeared as a receiver for Lydian Private Bank, N.A., erroneously sued as Lydian Mortgage. Dkt. No. 11. Accordingly, Sabadell United Bank's response must explain whether the Federal Deposit Insurance Corporation consents to the removal or explain why such consent is not necessary.

If Sabadell United Bank fails to respond to the order to show cause by March 11, 2015, the Court will remand this action to state court.

IT IS SO ORDERED.

Date: February 24, 2015

Nathanael M. Cousins
United States Magistrate Judge