# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES YTURRALDE, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AZTEC FORECLOSURE CORPORATION, a corporation; SABADELL UNITED BANK, N.A., a national association; LYDIAN MORTGAGE, a corporation; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 15-cv-00210 NC<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 14 |

This case was removed by Sabadell United Bank on the basis of federal question jurisdiction. *See* Dkt. No. 1 at 3-6. Because the assertion regarding federal question jurisdiction appeared to lack merit, the Court previously ordered Sabadell United Bank to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction. Dkt. No. 14. The Court also ordered Sabadell United Bank to explain whether defendant Lydian Mortgage consents to the removal or explain why such consent is not necessary. *Id.* Sabadell United Bank filed a timely response to the order to show cause. Dkt. No. 22.

After the Court issued the order to show cause, the Federal Deposit Insurance Corporation, as receiver for Lydian Private Bank, N.A. ("FDIC - Receiver"), erroneously sued as Lydian Mortgage, filed a notice that FDIC - Receiver consents to the removal of

the action.  Dkt. Nos. 11, 17.  The notice also asserts that the Court has subject matter jurisdiction over this action because when the FDIC is a party, the entire action is deemed to arise under the laws of the United States.  12 U.S.C. § 1819(b)(2)(A) (providing that, with one exception, "all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States"); *see also Bullion Servs., Inc. v. Valley State Bank*, 50 F.3d 705, 707 (9th Cir. 1995).

Under an exception explicitly provided by the statute, this rule does not apply to any action "(i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff; (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and (iii) in which only the interpretation of the law of such State is necessary."  12 U.S.C. § 1819(b)(2)(D).  The FDIC - Receiver has not addressed the applicability of this exception.  However, it appears that the exception does not apply here because, according to the FDIC - Receiver, defendant Lydian Mortgage was a subsidiary of Lydian Private Bank, a financial institution regulated by the Office of the Comptroller of the Currency.  Thus, the FDIC - Receiver is not a "receiver of a State insured depository institution by the exclusive appointment by State authorities" as required by § 1819(b)(2)(D)(i).  Given that this element of the exception is not met, the Court does not need to address the remaining two elements.

The Court finds that it has jurisdiction over this action under 12 U.S.C. § 1819(b)(2)(A) if the FDIC - Receiver is a party to this action.  However, the Court notes that the FDIC - Receiver has not formally moved to be substituted as a party.  If the FDIC - Receiver wishes to do so, it must file its motion by March 20, 2015.

In light of the Court's finding of an independent basis of subject matter jurisdiction, the Court does not resolve now Sabadell United Bank's assertion in its notice of removal that plaintiff's state law claims should be deemed to arise out of or be predicated on alleged

Case No. 15-cv-00210 NC
ORDER DISCHARGING
ORDER TO SHOW CAUSE

1  violations of federal law.

2  The order to show cause to Sabadell United Bank regarding subject matter
3  jurisdiction, Dkt. No. 14, is DISCHARGED.

4  IT IS SO ORDERED.

5  Date: March 12, 2015

                                            Nathanael M. Cousins
                                            United States Magistrate Judge